## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY WILLIAM HEINRICH,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**DARL PRANGE, J. CARTER, OFFICER** )<br>**PRESSWOOD and ALAN UCHTMAN,** )<br>)<br>**Defendants.** ) | **CIVIL NO. 05-851-JPG** |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　(1) is frivolous, malicious, or fails to state a claim on which relief
> 　　may be granted; or
> 　　(2) seeks monetary relief from a defendant who is immune from such
> 　　relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

**FACTS ALLEGED**

On September 28, 2005, Plaintiff declared a hunger strike. That evening, Defendants Prange and Presswood delivered dinner trays on Plaintiff's gallery. Plaintiff refused to take the trays offered to him, and he placed the trays on the floor outside his cell. As he started to pull his arm back through the food slot, Prange grabbed and twisted his arm; Plaintiff believed that Prange was trying to break his arm. Plaintiff managed to pull free, and then Prange threw both food trays through the slot. One tray hit Plaintiff in the mid-section; the other spilled food on his cell mate's bed. When Prange and Presswood returned to retrieve the dinner trays, a verbal altercation followed between Plaintiff and Prange; Plaintiff then began kicking the toilet loose from the wall.

Less than two hours later, Defendant Carter arrived with two other officers and directed Plaintiff to cuff up. Plaintiff complied; he was taken to the shower area, stripped to his underwear, and then walked through the gallery to a "strip cell" with no running water. Plaintiff told an unspecified officer that he needed to see a nurse; the officer denied that request. Plaintiff then removed two screws from the wall outlet and threatened to swallow them if he didn't see a nurse. The officer denied his request again, so Plaintiff swallowed the screws. Later he saw the nurse making rounds and called for her, but the officer escorted her past Plaintiff's cell without stopping. The next day, Plaintiff spoke with a medical technician about the previous day's events, and he was taken to the medical unit. X-rays were taken, and he was placed in the hospital for observation. Plaintiff later wrote a grievance over these matters, but Internal Affairs did not investigate or file charges against Prange.

Several potential claims can be gleaned from these allegations, as discussed below.

**EXCESSIVE FORCE**

The first potential claim is against Prange for use of excessive force in throwing the food trays and then twisting Plaintiff's arm through the food slot. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss this claim against Prange at this point in the litigation.

**CONDITIONS OF CONFINEMENT**

Plaintiff's next potential claim is against Carter for placing him in a stripped cell with no running water and the lights on continuously. In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny

the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

As described by Plaintiff, he was removed to a cell without running water because he was attempting to kick the toilet loose from the wall in his cell. The Court cannot find that such a decision was unreasonable; in fact, quite the opposite. Further, Plaintiff remained in that cell for less than 24 hours, and he makes no allegation that he suffered physical harm as a result of the conditions he endured for that brief period. *See* 42 U.S.C. §1997e(7)(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Accordingly, this claim against Carter is dismissed from this action with prejudice.

## MEDICAL CARE

Plaintiff's next potential claim is against unidentified individuals who refused his request for medical treatment. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996); *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). However, allegations of "refusal" to provide medical care, without more, will not establish deliberate indifference, nor will delay, even if serious injury results. *Id.*

In this case, Plaintiff's arm was red and bruised from the altercation with Prange. The Court highly doubts that bruising constitutes a serious medical need. Further, the individuals who allegedly denied him medical treatment that evening are not named as defendants in this action. Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and this claim is dismissed from this action with prejudice.

### GRIEVANCE PROCESS

Plaintiff's final potential claim, against unspecified individuals, involves the lack of response to his grievance over Prange's conduct; Plaintiff believes that disciplinary action should have been taken against Prange. However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause," *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995), and Plaintiff has no constitutional right to receive the specific form of relief requested in any grievance. Further, he has no protected liberty interest in the punishment of a third party. CITE. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

### DEFENDANTS

The only mention of Presswood is that he was one of the officers on the gallery when food trays were passed out. The fact that he was present on the gallery during the time of the altercation with Prange does not make him liable for Prange's actions or Plaintiff's injuries. Therefore, Presswood is dismissed from this action with prejudice.

Plaintiff also lists Alan Uchtman as a defendant in the caption of his complaint, but the statement of claim does not include any allegations against him. "A plaintiff cannot state a claim

against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Therefore, Uchtman is dismissed from this action with prejudice.

### APPOINTMENT OF COUNSEL

Plaintiff has also filed a motion for appointment of counsel (Doc. 5).  When deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts.  *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992).  Plaintiff makes no showing that he has attempted to retain counsel.  Therefore, the Court finds that appointment of counsel is not warranted at this time, and the motion for appointment of counsel is **DENIED**.

### DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's claims regarding conditions of confinement, medical care, and the grievance process are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **CARTER, PRESSWOOD** and **UCHTMAN** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **PRANGE**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **PRANGE** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the

passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: July 24, 2006.**

                                             **s/ J. Phil Gilbert**
                                             **U. S. District Judge**