## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY WILLIAM HEINRICH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )    CIVIL NO. 05-851-JPG |
| | ) |
| **DARL PRANGE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Before the Court is a letter from Plaintiff (Doc. 10) that has been construed as a motion to reconsider this Court's denial of his request for appointment of counsel (*see* Docs. 5, 6). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

The order in question (Doc. 6) was entered in this action on July 24, 2006, and the instant motion was filed on August 14, 2006. Giving Plaintiff the benefit of the mailbox rule, *see Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001), the Court will consider this motion to be timely

filed under Rule 59(e).  Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

The Court denied Plaintiff's request for counsel, finding that he had made no showing that he has attempted to retain counsel on his own.  With the instant motion, Plaintiff now submits letters from two Chicago law firms that declined to represent him, but two rejections is hardly a reasonable effort.  Even if he had made more diligent efforts, though, his motion would have to be denied in any event.

The determination whether to appoint counsel is to be made by considering whether Plaintiff is competent to represent himself given the complexity of the case, and if he is not, whether the presence of counsel would make a difference in the outcome of his lawsuit.  *Zarnes v. Rhodes*, 64 F.3d 285 (7th Cir. 1995)(*citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

Plaintiff appears competent to read, express his thoughts in writing and follow directions generally.  Although he may be unskilled in the law with minimal understanding of court proceedings, most *pro se* litigants are similarly disadvantaged.  In this Court, persons representing themselves are not penalized for failing to know the rules applying to their cases.  In most instances, if proper procedure is not followed, the *pro se* litigant is directed to the relevant rule and given a second opportunity to comply.

Plaintiff's case is not particularly complex.  The only remaining claim is that Defendant

Prange subjected him to the use of excessive force, and the law governing Eighth Amendment claims relating to excessive force is well settled. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). Plaintiff does not need to pore over law books to obtain additional precedent. His ability to succeed on his claim will rest entirely upon the facts presented on a motion for summary judgment or at trial.

Therefore, upon review of the record, the Court remains persuaded that its ruling denying the motion for appointment of counsel was correct, and the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**Dated: December 4, 2006.**

                                             **s/ J. Phil Gilbert**
                                             **U. S. District Judge**