IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LARRY WILLIAM HEINRICH**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. **05-851-JPG** |
| | ) | |
| **DARL PRANGE,** | ) | |
| | ) | |
| Respondent. | ) | |

### REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Plaintiff Larry William Heinrich was, at the time suit was filed, an inmate in the custody of the Illinois Department of Corrections. He brings suit under 42 U.S.C. §1983 for violation of his Eighth Amendment rights while he was incarcerated at Menard Correctional Center. As construed on preliminary review, plaintiff's claim against Prange for use of excessive force is as follows:

> On September 28, 2005, Plaintiff declared a hunger strike. That evening, Defendants Prange and Presswood delivered dinner trays on Plaintiff's gallery. Plaintiff refused to take the trays offered to him, and he placed the trays on the floor outside his cell. As he started to pull his arm back through the food slot, Prange grabbed and twisted his arm; Plaintiff believed that Prange was trying to break his arm.

**Doc. 6, p. 2**. Plaintiff's claims against the other defendants named in the original complaint were dismissed on preliminary review.

Now before the court is defendant Prange's Motion for Summary Judgment. **(Doc. 20).** Defendant filed a Memorandum in Support **(Doc. 21)** which is supported by exhibits consisting of portions of plaintiff's deposition.

Defendant served upon the *pro se* plaintiff the notice required by ***Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)**. **(Doc. 22)**. Plaintiff has not filed a response to the motion, and

the time for doing so has now expired.

Defendant asserts that he is entitled to summary judgment because his actions did not constitute excessive force.

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. ***Duncan***

*v.Duckworth*, 644 F.2d 653, 655 (7th Cir.1981).

## Analysis

The Eighth Amendment prohibition against cruel and unusual punishment is violated by the intentional use of excessive force against an inmate without penological justification. ***Hudson v. McMillian*, 112 S. Ct. 995, 998-999, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).**   The constitution does not, of course, prohibit the use of *all* force against prison inmates; not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" ***Hudson*, 112 S. Ct. at 1000, 503 U.S. at 9-10 [internal citation omitted].**

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." ***Hudson*, 112 S.Ct. at 999, 503 U.S. at 6-7.**

Plaintiff's deposition is attached to **Doc. 21 as Exhibit A**.  Page reference therein are to that deposition.

Heinrich testified that, at some time prior to the day in question, he had been housed on 5 gallery, which was Officer Presswood's gallery.  (P. 5-6).  He was moved to 6 gallery, which was segregation, because had thrown a sandwich at an officer.  (Pp.15-16).  6 gallery was Officer Prange's gallery.

Heinrich had entered the IDOC in 2002, and was serving a nine year sentence.  (Pp. 7-8).  Despite his situation, he desired to wage a legal battle for custody of two of his children.  However, he was informed by the prison library staff that they did not handle family law matters.

(Pp. 10, 22).  Plaintiff wanted to draw attention to the fact that he was being denied legal assistance.  Therefore, he declared a hunger strike on the day in question by handing a note to Prange when Prange made his three o'clock count.  (Pp. 10, 13).  Plaintiff believed that a declaration of a hunger strike would result in notification of the cell house sergeant and the lieutenant, and the dispatching of a med tech and crisis team to attend to him.  (P. 13).

In the segregation unit, inmates eat in their cells and the serving of meals requires the labor of two officers and an inmate worker.  The meals are in Styrofoam trays on a cart.  On this day, Officers Presswood and Prange were distributing meals.  Presswood unlocked the chuckholes, the inmate worker handed the food trays in, and Prange then closed the chuckholes.  (Pp. 16-17).  There were a little over 50 cells, with 2 men in each.  (P. 21).  After delivering all meals, the process would be reversed to pick up the trash through the chuckholes.  (P. 21).

Heinrich thought that his declaration of a hunger strike would be vitiated if he accepted his meal trays, even if he didn't eat the food.  (Pp. 12-13).  (Heinrich had two trays because he was on a vegan diet for religious reasons.  P. 20.)  When the inmate worker tried to put plaintiff's food trays through the hole, plaintiff refused to accept them.  He put his hands in front of the chuckhole to block it.  (P.15).  The inmate worker tried to push a tray through, but Heinrich took hold of it, put his arm through the hole and put the tray on the floor, outside the cell.  (P. 18).  He described Prange's subsequent actions as follows:

> When I started bringing my arm in, Officer Prange grabbed my arm through the chuckhole and put his foot up against the door and pulled.  And when he did, I got to scuffling with him trying to get my arm back in....And he brung it to the side trying to pull it like this ....And I bent my arm like this .... And I started jerking, I put my foot against the door and put my arm back in.  And when I come back in, that's when I marked my arm up.

(Pp. 18-19).

Prange grabbed him near his wrist.  (P. 22).  The only "injury" suffered by plaintiff was a mark on the top of his arm.  (P. 23).  His arm was not broken.  From the time Prange grabbed

his arm until the scuffle was over was "about a couple of minutes."  (P. 24).

Plaintiff acknowledged that inmates are prohibited from putting their arms through the chuckholes.  (P. 20).

The situation as described by plaintiff amounts to no more than a "de minimis use of force" which does not offend the constitution.  **Outlaw v. Newkirk, 259 F.3d 833, 837 - 838 (7th Cir. 2001)**.  In making this determination, the court must consider a number of factors, including "the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." **DeWalt v. Carter, 224 F.3d 607, 619 (7th Cir. 2000)**.  Here, plaintiff had physically blocked the chuckhole on his side to prevent the delivery of the food tray, and then admittedly broke prison rules by sticking his arm out through the hole and putting the tray on the floor.  His actions caused a disruption in the routine of distributing meals to over 100 inmates and collecting the trash afterwards, and a potential security threat.  The Supreme Court has recognized that prison officers may appropriately use force to "to maintain or restore discipline." **Hudson, 112 S.Ct. at 999, 503 U.S. at 6-7.**  Plaintiff's own testimony establishes that the force used by Prange was minimal: Prange grabbed plaintiff's arm near the wrist.  It was plaintiff who then began "scuffling" and who "jerked" his own arm back in the hole, causing a red mark.  (Pp. 18-19).  The incident caused no injury other than a mark on plaintiff's arm.  The fact that the injury was minor is an indication that the amount of force used was minimal.  **Outlaw, 259 F.3d at 837-838.**  The force used cannot be said to be repugnant to the conscience of mankind.

Because the record establishes that defendant used only minimal force in an attempt to restore order and security, the motion should be granted.

## Recommendation

This Court recommends that Prange's Motion for Summary Judgment **(Doc. 20)** be **GRANTED**.

If this recommendation is adopted in its entirety, no claims will remain pending.

Objections to this Report and Recommendation must be filed on or before **November 7, 2007.**

**Submitted: October 19, 2007.**


 **s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**